# Supreme Court of Florida

_____

No. SC19-1335

_____

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR – RULE 1-3.2(b).**

September 3, 2020

PER CURIAM.

Petitioners, fifty members of The Florida Bar in good standing, petition the Court to amend the Rules Regulating the Florida Bar (Bar Rules). We have jurisdiction. *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 1-12.1(f).

Petitioners propose the deletion of existing Bar Rule 1-3.2(b) (Membership Classifications; Conditionally Admitted Members), and the addition of new Bar Rule 3-4.8 (Consent Agreements). The proposed amendments reorient how the Bar treats members with a history of drug, alcohol, or psychological issues that are admitted to the Bar pursuant to a consent agreement. *See* Fla. Bar Admiss. R. 3-22.5(b), 5-15. Under the proposal, such members are no longer treated as a separate class of "Conditionally Admitted Members" that are subject to a term of

probation.  The proposal instead treats such members as any other member of the Bar in good standing, except for the added terms of the consent agreement.

Petitioners, as required by Bar Rule 1-12.1(f), submitted the proposed amendments to the Bar prior to filing them with the Court.  The Board of Governors of The Florida Bar voted unanimously to support the proposed amendments.  Consistent with Bar Rule 1-12.1(g), formal notice of the proposed amendments was published in *The Florida Bar News*.  The Court received two comments and the Petitioners filed a response.

Having considered the Petitioners' proposal, the comments filed, the Petitioners' response, and having had the benefit of oral argument, the Court hereby adopts the amendments to the Rules Regulating the Florida Bar proposed by the Petitioners with the following modification.  We modify new rule 3-4.8 to require that all costs associated with monitoring, "unless otherwise required by law," be paid by a member admitted to the Bar pursuant to a consent agreement.

Accordingly, we thank the Petitioners for bringing this important matter to our attention and amend the Rules Regulating the Florida Bar as set forth in the appendix to this opinion.  Deletions are indicated by struck-through type, and new language is indicated by underscoring.  The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Matthew W. Dietz, Disability Independence Group, Inc., Miami, Florida,

     for Petitioner

Joshua E. Doyle, Executive Director, Dori Foster-Morales, President, Michael G. Tanner, President-Elect, Ronald P. Ponzoli, Chair, Wayne LaRue Smith, Chair, Disciplinary Procedure Committee, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida; and Megan Marie Collins on behalf of Disability Rights Florida, Tampa, Florida,

     Responding with comments

**Appendix**

## RULES REGULATING THE FLORIDA BAR
## CHAPTER 1 GENERAL
## 1-3 MEMBERSHIP
## RULE 1-3.2 MEMBERSHIP CLASSIFICATIONS

**(a) Members in Good Standing.** [No Change]

~~**(b) Conditionally Admitted Members.** The Supreme Court of Florida may admit a person with a prior history of drug, alcohol, or psychological problems to membership in The Florida Bar and impose conditions of probation as the court deems appropriate on that member. The period of probation will be no longer than 5 years, or for an indefinite period of time as the court deems appropriate by conditions in its order. The conditions may include, but not be limited to, participation in a rehabilitation program, periodic blood and urine analysis, periodic psychological examinations, or supervision by another member of The Florida Bar. The probation will be monitored by The Florida Bar and the costs paid by the member on probation. A failure to observe the conditions of probation or a finding of probable cause as to conduct of the member committed during the period of probation may terminate the probation and subject the member to all available disciplinary sanctions. Proceedings to determine compliance with conditions of admission will be processed in the same manner as matters of contempt provided elsewhere in these Rules Regulating The Florida Bar. If necessary, the court may assign a judicial referee to take testimony, receive evidence, and make findings of fact in the manner prescribed in the rule concerning procedures before a referee. The findings of the referee may be appealed as provided in the rule for procedures before the supreme court.~~

~~(c)~~**(b) Inactive Members.** [No Change]

## CHAPTER 3 RULES OF DISCIPLINE
## 3-4 STANDARDS OF CONDUCT
## <u>RULE 3-4.8 CONSENT AGREEMENTS</u>

<u>The Supreme Court of Florida may admit a person to membership in The Florida Bar under a consent agreement as provided in the Rules Relating to Admissions to the Bar. The consent agreement will be monitored by The Florida Bar. The Supreme Court of Florida, unless otherwise required by law, will require that the</u>

member admitted under the consent agreement pay monitoring costs.  A failure to observe the conditions of the consent agreement or a finding of probable cause as to conduct of the member committed during the period of the consent agreement may terminate the agreement and subject the member to all available disciplinary sanctions.  Proceedings to determine compliance with conditions of admission will be processed in the same manner as matters of contempt provided elsewhere in these Rules Regulating the Florida Bar.